# EXHIBIT A



# Notice of Service of Process

null / ALL
**Transmittal Number: 26161352**
**Date Processed: 01/05/2023**

| | |
|---|---|
| **Primary Contact:** | Nilesh Phadke<br>Activus Connect<br>5700 Democracy Dr<br>Ste 2000<br>Plano, TX 75024-7354 |
| **Electronic copy provided to:** | Prasanna Kumar |

| | |
|---|---|
| **Entity:** | Activus Connect LLC<br>Entity ID Number  4309512 |
| **Entity Served:** | Activus Connect, LLC |
| **Title of Action:** | Madeleine Herron vs. Activus Connect, LLC |
| **Matter Name/ID:** | Madeleine Herron vs. Activus Connect, LLC (13434186) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22STCV38286 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 01/04/2023 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Medvei Law Group, APC<br>213-984-4013 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2022 11:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
22STCV38286

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

Activus Connect, LLC, a Florida limited liability company; Does 1
through100,inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

Madeleine Herron, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |

*Allen Pyke*

Allen Pyke
Certified Process Server ID #82
Second Judicial Circuit of Florida
Date: 1/4/23    Time: 12:30 pm

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles Superior Court<br><br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>**22STCV38286** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sebastian M. Medvei, 655 N Central Ave, Ste 1700, Glendale, CA 91203, Tel: 213-984-4013

| DATE:<br>*(Fecha)* 12/08/2022 | Clerk, by<br>*(Secretario)* | Sherri R. Carter Executive Officer / Clerk of Court<br>D. Williams | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* C/B CSC 1201 Hays St. Tail, FL 32501  Activus Connect, LLC, a Florida limited liability company
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 12/08/2022 11:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Williams,Deputy Clerk
22STCV38286
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Robert Broadbelt

Sebastian M. Medvei (SBN 285604)
MEDVEI LAW GROUP, APC
655 N Central Ave, Ste 1700
Glendale, CA 91203
Telephone: (213) 984-4013
Email: smedvei@medveilaw.com

Attorney for Plaintiff MADELEINE HERRON

## SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MADELEINE HERRON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVUS CONNECT, LLC, a Florida limited liability company; DOES 1 THROUGH 100, inclusive,<br><br>Defendants. | Case No.: 22STCV38286<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND EQUITABLE RELIEF:**<br>1. Failure to Provide Meal and Rest Periods (Lab. C. § 226.7);<br>2. Failure to Furnish Timely and Accurate Wage Statements (Lab. C. § 226);<br>3. Failure to Pay All Minimum Wages;<br>4. Failure to Pay All Overtime Wages;<br>5. Failure to Make Payment Within Required time (Lab. C. § 203);<br>6. Harassment and Retaliation in Violation of FEHA;<br>7. Violation of the Right of Privacy;<br>8. Unfair Competition.<br><br>**JURY TRIAL REQUESTED** |

Plaintiff MADELEINE HERRON alleges the following:

### PARTIES

1. Plaintiff MADELEINE HERRON ("Plaintiff" or "Ms. Herron") is an individual residing in Riverside County. Plaintiff is "disabled" within the meaning of the Fair Employment and Housing Act (FEHA).

1

Complaint for Damages, Declaratory Relief, and Equitable Relief

2.      Defendant ACTIVUS CONNECT, LLC ("Defendant Activus"), is a Florida limited liability company. Defendant Activus has caused injuries in the County of Los Angeles, the County of Riverside, and throughout the State of California, through their acts, and by their violation of the California Labor Code and other California laws. Defendant Activus transacts millions of dollars of business within the State of California. Defendant Activus owns, maintans offices, transacts businesses, has agents within the County of Los Angeles, and/or are otherwise found within the County of Los Angeles. Defendants operate within California and do business within Los Angeles County, California.

3.      Plaintiff is unaware of the true names and capacities of defendants sued herein as DOES 1 THROUGH 100, inclusive, and therefore sue these defendants by such fictitious names pursuant to Code of Civil Procedure 474. Plaintiff will amend the complaint to show the true names and capacities of such DOES when they have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the actions and occurrences herein alleged, and that plaintiffs' damages as herein alleged were proximately caused by their acts.

4.      Plaintiff is informed and believes, and thereon alleges, that Defendants Activus and DOES 1 THROUGH 100 (hereinafter collectively referred to as "Defendants"), each acted in concert with, and was the agent, employee, contractor, partner, servant, and/or representative of, each of the other Defendants, and in doing the acts hereinafter alleged was acting in concert and within the course and scope of its authority as an agent, servant, officer, employee and/or representative, with the permission and consent of the other Defendants. Plaintiff is informed and believes, and thereon also alleges, that Defendants are each liable for the acts of each of the other Defendants insofar as any one of the Defendants is the principal and/or agent, employee, contractor, partner, servant, and/or representative of the other Defendants. Plaintiff is informed and believes, and thereon also alleges, that Defendants are each liable for the acts of each of the other as the corporate alter egos of each other.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendants each ratified and/or authorized the acts of each of the other Defendants insofar as any one of the

2

Complaint for Damages, Declaratory Relief, and Equitable Relief

Defendants is the principal and/or agent, employee, contractor, partner, servant, and/or representative of the other Defendants.

6.      Plaintiff is informed and believes and thereon alleges, that Defendants have engaged in a conspiracy, common enterprise, and common course of conduct, the purpose of which is and was to engage in the violations of law alleged in this Complaint. This conspiracy, common enterprise, and common course of conduct continues to the present.

## GENERAL ALLEGATIONS

7.      Plaintiff was hired by Defendants as a non-exempt hourly employee in the County of Riverside on or about July 2020. At the time of hiring, Plaintiff was granted accommodations based on her disabilities as follows: 1) 60 additional minutes of breaks as needed; and, 2) approval for 1 to 4 medical appointments per month lasting 1 to 8 hours each.

8.      As part of her employment, Plaintiff was required to supply her own home computer for the job. Defendants did not fully compensate Plaintiff for the use of her home computer.

9.      Moreover, in or around May 2021, Plaintiff was advised, for the first time, that Defendants were *monitoring* Plaintiff's use of her home computer. This, despite Defendants knowing that Plaintiff's home computer was being supplied for the job and also being used for personal use, and despite Defendants not providing any advance notice of such monitoring. Plaintiff alleges that this monitoring was intentional and designed to obtain private information about the Plaintiff for purposes of retaliating against her in the event of any employment disputes, including, and especially, as to Plaintiff's requests for accommodation for her disabilities.

10.      Throughout her employment, Plaintiff was required to work "off the clock" to complete certain employment tasks, such as checking or sending emails, reviewing and approving her time cards, reviewing evaluations, and completing employment-related forms. As such, Plaintiff was repeatedly required to complete these employment tasks, and others, during her rest or meal periods, or before or after her shifts. Plaintiff was never compensated for any of

3

Complaint for Damages, Declaratory Relief, and Equitable Relief

this work. Plaintiff raised this issue with Defendants through the appropriate internal grievance procedures.

11.    In or around June 2021, following Plaintiff's complaint to Defendants about working "off the clock," Defendants began systematically retaliating against Plaintiff in connection with her disability. Despite previously granting accommodations based on Plaintiff's disability, Defendants began altering and reducing those accommodations to the detriment of Plaintiff. For example, in July 2021, Defendants reversed course on the manner of Plaintiff's accommodations, requiring Plaintiff to track her disability accommodation minutes, daily, as well as subjecting Plaintiff to unnecessary re-certification of her disability. When Plaintiff complained that these actions violated her disability accommodations, Defendants escalated their retaliation, by subjecting Plaintiff to erroneous write ups, investigations and other reprimands based on frivolous accusations of misconduct that were never supported by any actual evidence and based primarily on Plaintiff's exercise of her disability accommodations, including her right to take extra breaks.

12.    Plaintiff was terminated on June 24, 2022 but was not provided a final paycheck until on or about August 5, 2022, and was not paid all of her due and owing wages.

13.    Prior to bringing this lawsuit, Plaintiff obtained a right to sue from the Department of Fair Employment and Housing (DFEH) and complied with all pre-filing requirements.

## FIRST CAUSE OF ACTION

**Plaintiff Against All Defendants for Failure to Provide Meal and Rest Periods (Lab. C. § 226.7);**

14.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 13 above, as if fully set forth herein.

15.    As set forth above, Plaintiff did not receive all of her meal or rest periods.

16.    As such, Plaintiff is entitled to compensation for missed meals and breaks pursuant to section 226.7 of the Labor Code, which Plaintiff has not received.

4

Complaint for Damages, Declaratory Relief, and Equitable Relief

17.     As a proximate result of the above-mentioned conduct, Plaintiff suffered general damages, including but not limited to the amount that she was underpaid, to be determined at trial, but estimated to exceed $25,000.

18.     As a further proximate result of the above-mentioned conduct, Plaintiff suffered special damages, to be determined at trial.

19.     Pursuant to section 1194.2 of the Labor Code, Plaintiff is entitled to an additional statutory penalty, in the form of liquidated damages, in an amount equivalent to the amount of her unpaid wages, plus interest, or at least, $25,000.

20.     Pursuant to section 1194 of the Labor Code, Plaintiff is entitled to her reasonable attorneys' fees and costs in this action.

21.     The actions of Defendants constitute despicable conduct, and malice, oppression, and/or fraud, in that Defendants willfully violated the Labor Code in order to profit from the violation of Plaintiff's rights.

## SECOND CAUSE OF ACTION

### Plaintiff Against All Defendants for Failure to Furnish Timely and Accurate Wage Statements (Labor Code § 226)

22.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 21 above, as if fully set forth herein.

23.     During Plaintiff's employment at Defendant Activus, Plaintiff was not presented with accurate itemized statements in writing showing: (1) gross wages earned, (2) total hours worked (including the hours required to be worked after Plaintiff's scheduled time to work concluded), (3) the number of piece-rate units earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which she was paid, (7) the name of the employee and last four digits of social security number, (8) the name and address of the legal entity that was her employer, and (9) hourly rates in effect during the pay period. This is a violation of section 226 of the Labor Code. In addition, the wage statements do not provide mandatory sick pay accrual information. Furthermore, the wage statements did not include compensation to which

5

Complaint for Damages, Declaratory Relief, and Equitable Relief

Plaintiff was entitled but was not paid, including off the clock hours, overtime hours, and missed meals or breaks.

24.    As a proximate result of the above-mentioned conduct, Plaintiff suffered general damages, to be determined at trial, but estimated to exceed $4,000.

25.    As a further proximate result of the above-mentioned conduct, Plaintiff suffered special damages, to be determined at trial.

26.    Plaintiff is entitled to an injunction preventing the Defendant from continuing to fail to provide accurate itemized wage statements to Plaintiff and to others similarly situated.

27.    Pursuant to section 226(e)(1) Plaintiff is entitled to statutory damages.

28.    Pursuant to section 226(e)(1) of the Labor Code, Plaintiff is entitled to reasonable attorneys' fees and costs in this action.

29.    The actions of Defendants constitute despicable conduct, and malice, oppression, and/or fraud, in that Defendants willfully violated the Labor Code in order to profit from the violation of Plaintiff's rights.

## THIRD CAUSE OF ACTION

**Plaintiff Against All Defendants for Failure to Pay Minimum Wage (Labor Code § 1194)**

30.    Plaintiff incorporates by reference the allegations of paragraphs 1 through 29 above, as if fully set forth herein.

31.    As set forth above, Plaintiff was not paid for certain hours worked "off the clock."

32.    As a proximate result of the above-mentioned conduct, Plaintiff suffered general damages in the amount of, at least, $25,000, to be determined at trial.

33.    As a further proximate result of the above-mentioned conduct, Plaintiff suffered special damages, to be determined at trial.

34.    Pursuant to section 1194.2 of the Labor Code, Plaintiff is entitled to an additional statutory penalty, in the form of liquidated damages, in an amount equivalent to the amount of her unpaid wages, plus interest, of at least $25,000.

35.    Pursuant to section 1194 of the Labor Code, Plaintiff is entitled to her reasonable attorneys' fees and costs in this action.

6

Complaint for Damages, Declaratory Relief, and Equitable Relief

36.     The actions of Defendants constitute despicable conduct, and malice, oppression, and/or fraud, in that Defendants willfully violated the Labor Code in order to profit from the violation of Plaintiff's rights.

## FOURTH CAUSE OF ACTION

### Plaintiff Against All Defendants for Failure to Pay Overtime (Labor Code § 1194)

37.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 36 above, as if fully set forth herein.

38.     As set forth above, Plaintiff was not paid for certain overtime hours worked.

39.     As a proximate result of the above-mentioned conduct, Plaintiff suffered general damages in the amount of, at least, $25,000, to be determined at trial.

40.     As a further proximate result of the above-mentioned conduct, Plaintiff suffered special damages, to be determined at trial.

41.     Pursuant to section 1194 of the Labor Code, Plaintiff is entitled to her reasonable attorneys' fees and costs in this action.

42.     The actions of Defendants constitute despicable conduct, and malice, oppression, and/or fraud, in that Defendants willfully violated the Labor Code in order to profit from the violation of Plaintiff's rights.

## FIFTH CAUSE OF ACTION

### Plaintiff Against All Defendants for Failure to Make Timely Payment of Wages (Labor Code § 203)

43.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 42 above, as if fully set forth herein.

44.     In addition to wages not paid for work off the clock and other unpaid wages, as set forth above, Plaintiff missed various rest and meal periods entitling her to compensation of an additional hour of wages for each violation. In addition, at the time of her termination, Plaintiff was owed the above-mentioned wages.

45.     Those wages, in the amount of $25,000, were due and owing at the time of Plaintiff's termination.

7

Complaint for Damages, Declaratory Relief, and Equitable Relief

46. Defendants willfully refused to pay those wages at the time of Plaintiff's termination and have not paid those wages for the full thirty days following Plaintiff's termination. Indeed, Plaintiff did not receive her final paycheck or final itemized wage statement until months after her termination.

47. Pursuant to Labor Code section 203, Plaintiff is entitled to the full penalty, to be determined at trial, but estimated to exceed $5,000.

48. Pursuant to Labor Code section 203, Plaintiff is entitled to her reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

### Plaintiff Against All Defendants for Harassment and Retaliation in Violation of FEHA

49. Plaintiff incorporates by reference the allegations of paragraphs 1 through 48 above, as if fully set forth herein.

50. Based on all of the foregoing, Plaintiff was subjected to harassment and retaliation in connection with her disability, including by her direct supervisor.

51. As a proximate result of the above-mentioned conduct, Plaintiff suffered general damages, to be determined at trial

52. As a further proximate result of the above-mentioned conduct, Plaintiff suffered special damages, to be determined at trial.

53. The actions of Defendants constitute despicable conduct, and malice, oppression, and/or fraud, in that Defendants intentionally harassed and retaliated against the Plaintiff.

## SEVENTH CAUSE OF ACTION

### Plaintiff Against All Defendants for Violation of the Right of Privacy

54. Plaintiff incorporates by reference the allegations of paragraphs 1 through 53 above, as if fully set forth herein.

55. As set forth above, Plaintiff was required to use her personal computer to perform employment services on behalf of the Defendants. Despite using the computer for her work, Plaintiff had a legitimate expectation of privacy in the use of her own computer, particularly when she was "off the clock" or taking breaks.

8

Complaint for Damages, Declaratory Relief, and Equitable Relief

56.     As set forth above, Plaintiff was subjected to monitoring of the use of her personal computer, including during times when she was "off the clock" or on a break. This constituted a violation of Plaintiff's constitutional right of privacy.

57.     As a proximate result of the above-mentioned conduct, Plaintiff suffered general damages in the amount of, at least, $25,000, to be determined at trial.

58.     As a further proximate result of the above-mentioned conduct, Plaintiff suffered special damages, to be determined at trial.

59.     The actions of Defendants constitute despicable conduct, and malice, oppression, and/or fraud, in that Defendants willfully violated Plaintiff's constitutional right of privacy.

## EIGHTH CAUSE OF ACTION

### Plaintiff Against All Defendants for Unfair Competition (Bus. & Prof. Code § 17200)

60.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 59 above, as if fully set forth herein.

61.     Through the above-described conduct, Defendants have engaged in "unfair" acts.

62.     Through the above-described conduct, Defendants have engaged in "unlawful" acts.

63.     Through the above-described conduct, Defendants have engaged in "fraudulent" business practices.

64.     Defendants have failed to publicly acknowledge the wrongfulness of their actions and provide the complete relief required by California Business and Professions Code Section 17200 et seq.

65.     Plaintiff has suffered an injury in fact and has lost money as a consequence of Defendants' conduct.

66.     Pursuant to California Business and Professions Code Section 17203, Plaintiff seeks a temporary, preliminary, and/or permanent order from this Court prohibiting Defendants from continuing to engage in the unlawful, unfair, or fraudulent business acts or practices as set forth in this Complaint.

Complaint for Damages, Declaratory Relief, and Equitable Relief

67.     Plaintiffs also request the Court issue an order granting the following equitable and/or declaratory relief:

a.     That a judicial determination and declaration be made that Defendants have violated the laws of the State of California.

b.     That Defendants be enjoined from further violating the laws of the State of California.

c.     That Defendants be enjoined from operating their business until in full compliance with California law.

d.     That Defendants provide equitable restitution to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

(1)     Injunctive and Declaratory relief;

(2)     General damages;

(3)     Special damages;

(4)     Punitive damages;

(5)     Liquidated damages;

(6)     Statutory damages;

(7)     Civil penalties;

(8)     Equitable restitution;

(9)     For reasonable attorneys' fees;

(10)    For costs of suit incurred herein;

(11)    For prejudgment interest; and

(12)    For such other relief the Court deems just and proper.


Plaintiff hereby requests a trial by jury.

10

Complaint for Damages, Declaratory Relief, and Equitable Relief

Dated December 8, 2022

Respectfully Submitted,

**MEDVEI LAW GROUP, APC**

By:  /s/ Sebastian M. Medvei

Sebastian M. Medvei

Attorney for Plaintiff

11

Complaint for Damages, Declaratory Relief, and Equitable Relief

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

**NOTICE OF CASE ASSIGNMENT**

**UNLIMITED CIVIL CASE**

</td>
<td>

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/08/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____D. Williams_____ Deputy

</td></tr>
</table>

| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV38286 |
|---|---|

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | Robert B. Broadbelt | 53 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record          Sherri R. Carter, Executive Officer / Clerk of Court

on _12/08/2022_                                                By _D. Williams_                          , Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)    **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06